IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JAMES HARMON, III,**

    **Plaintiff,**

vs.                                                                                    **CASE NO. 1:07CV38-MP/AK**

**PETER D. WEBSTER, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. § 1983 against three state court judges and a state prosecutor for alleged violations of his civil rights in relation to his criminal conviction. (Doc. 1). He proceeds *pro se*, but has paid the full filing fee. Nonetheless, because he is a prisoner his claims are being reviewed pursuant to 28 U.S.C. § 1915A, and it is hereby recommended that this cause be DISMISSED because he has filed a previous complaint against the same defendants asserting the same cause of action, which was dismissed for failure to state a claim. (See Case No. 4:06CV90-SPM/AK, Docs. 10, 18). Plaintiff appealed the dismissal of this cause to the Eleventh Circuit Court of Appeals (doc. 19), and the appeal was dismissed. (Doc. 40).

> [U]nder Florida law, res judicata bars a second suit when a court of competent jurisdiction has entered final judgment in the first suit and the following four conditions are met:
>
> 1)     identity of the thing sued for;
>
> 2)     identity of the cause of action;

3) identity of the parties; and

4) identity of the quality in the person for or against whom the claim is made.

Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir. 1996), *citing* Aquatherm Indus., Inc., 84 F.3d 1388, 1394 (11th Cir. 1996)(citing Albrecht v. State, 444 So. 2d 8, 12 (Fla. 1984)).

The order dismissing the earlier cause of action (Case No. 4:06CV90-SPM/AK) was entered by a court of competent jurisdiction and was a final judgment on the merits. There is complete identity in the parties and the causes of action, in fact the two complaints are virtually verbatim the same.

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Sewell, 94 F.3d at 1518 n.3, *citing* Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5, 99 S. Ct. 645, 649 n.5, 58 L. Ed. 2d 552 (1979).

> If the later litigation arises from the same cause of action, *then the judgment bars litigation not only of "every matter which was actually offered and received to sustain the demand, but also [of] every [claim] which might have been presented."* Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990) (emphasis added).

It is therefore **RECOMMENDED** that Plaintiff's complaint, doc. 1, be summarily **DISMISSED**. It is further recommended that the Clerk note on the docket that this

**No. 1:07cv38-mp/ak**

dismissal is pursuant to 28 U.S.C. §1915A(b)(1) and constitutes a second "strike" under 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this **8th** day of May, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07cv38-mp/ak**